# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:03CR4

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| KENNETH TERRELL DALTON (13), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Transcripts, pursuant to Section 2250, filed May 11, 2005.

On January 29, 2003, Defendant was indicted for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Nine). Defendant entered a straight up plea on September 8, 2003, and was sentenced by this Court on August 9, 2004, to 210 months imprisonment on each count to run concurrently. Judgment was entered on September 20, 2004. Defendant has not appealed this Judgment, nor has the Defendant filed a Section 2255 Motion.

In his Motion now before this Court, the Defendant asks for a copy of the sentencing transcripts and change of plea transcripts. The Defendant states that these transcripts are needed in order for him to file a Section 2255 Motion.

Transcripts are provided to indigent prisoners in proceedings brought under 28 U.S.C. § 2255 ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Thus, prior to requesting a copy of his sentencing transcript or change of plea transcript,

Defendant would first need to present his issues under Section 2255 to the Court, and then the Court will decide if a transcript is necessary to decide the issues before it. *See United States v. MacCollom*, 426 U.S. 317 (1976).

Defendant is advised, however, that in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act which amended Section 2255 to add a one-year limitation period. In relevant part, Section 2255 now provides that "[t]he limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Defendant is advised that his judgment became final on September 20, 2004, when the Court entered the Judgment on Defendant's sentence. Therefore, in order to maintain a Section 2255 claim, Defendant has to file a motion by September 20, 2005.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Transcripts is hereby **DENIED**.

**Signed: August 19, 2005**

Richard L. Voorhees
United States District Judge